IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| VYRON ALEXANDER COX, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MONICA N. MEYERS, *et al.*, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 1:25-cv-1058-LKG <br> (Consol. Case: 1:25-cv-1072-LKG) <br> Dated: May 8, 2025 |

## **MEMORANDUM AND ORDER**

Petitioner Vyron Alexander Cox, Jr., filed a supplemental Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging in this and the consolidated case that he was the subject of an illegal wiretap recording. ECF No. 7 at 3. Mr. Cox was directed to file a supplement to his petition using the pre-printed forms for use in filing a § 2254 petition within 28 days of the Court's April 16, 2025 Order. ECF No. 6. Instead of the supplement directed by the Order, Mr. Cox has filed a Motion to Hold 2254 Petition in Abeyance for Purpose to Exhaust all State Remedies. ECF No. 8. For the reasons stated below, the Motion shall be denied.

Mr. Cox's Petition concerns his May 31, 2023 conviction for attempted first-degree murder and aggravated animal cruelty in the Circuit Court for Prince George's County, Maryland. *See State of Md. v. Cox*, Case No. CT221159X (Cir. Ct. Pr. George's Co. Md. 2023) available at https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (last viewed May 8, 2025).[1] Mr. Cox pled guilty to those charges and was sentenced to a period of life with all but fifty years suspended followed by a period of three years consecutive. *Id*. In his Application for Leave to Appeal the only issue raised by Mr. Cox was his allegation that the trial court erred when it did not permit him to withdraw his guilty plea because he did not have a basis to do so. *Id*.

---

[1] Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

The claim Mr. Cox raises in the Petition pending before this Court seemingly pertains to the legality of the manner in which the evidence against him was obtained by the State. Such a claim is waived by a guilty plea. Claims that challenge the constitutionality of the search warrants or other irregularities not stemming from the guilty plea cannot proceed. This is so because once a defendant pleads guilty, they waive their right to pursue claims of constitutional deprivations in the investigation or deficiencies in the discovery process. *United States v. Moussaoui*, 591 F.3d 263, 280 (4th Cir. 2010) (guilty plea waives all non-jurisdictional errors leading up to the conviction except those errors affecting the adequacy of the plea). A petitioner post-guilty plea may collaterally attack whether the plea was knowing and voluntarily made because "guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (internal quotation marks and citation omitted); *see also United States v. Bluso*, 519 F.2d 473, 474 (4th Cir. 1975) ("A guilty plea is normally understood as a lid on the box, whatever is in it, not a platform from which to explore further possibilities."). At this juncture, Mr. Cox may only pursue constitutional challenges to the guilty plea proceedings, a claim he has yet to raise in post-conviction in connection with the alleged ineffective assistance of counsel. *See United States v. Locke*, 932 F.3d 196, 199 (4th Cir. 2019) ("Guilty pleas are protected by a strong presumption, one deeply rooted in our jurisprudence – the presumption of regularity.").

A stay is available only in limited circumstances, and is appropriate only for good cause, where the unexhausted claims are potentially meritorious, and no dilatory tactics are shown. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant a stay if the unexhausted claims are plainly meritless. *Rhines*, 544 U.S. at 277. Here, Mr. Cox is attempting to raise a claim that is potentially procedurally defaulted as he has not established that he was provided ineffective assistance of counsel and was thereby prevented from going to trial, permitting him to challenge the evidence against him. The current record before the Court provides no basis to discern whether Mr. Cox has a potentially meritorious ineffective assistance of counsel claim as he has not raised that claim here. Mr. Cox has not demonstrated good cause for stay and abeyance of this habeas petition. Further, he appears to have ample time to return to the State court to file a post-conviction petition raising an ineffective assistance of counsel claim in connection with his guilty plea.

Mr. Cox is reminded that if he is denied relief by the Circuit Court, he must file an Application for Leave to Appeal with the Appellate Court of Maryland. Md. Code Ann., Crim. Proc. § 7-109. If the Appellate Court of Maryland denies the application, there is no further review available, and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, he must file a petition for writ of certiorari to the Maryland Supreme Court. *Williams v. State*, 292 Md. 201, 210-11 (1981). Once the appellate process is complete, the one-year time limit for filing a federal habeas petition begins to run again.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Those elements have not been established here but Mr. Cox may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

Accordingly, it is this 8th day of May, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Hold 2254 Petition in Abeyance (ECF No. 8) IS DENIED;
2. The Petition IS DISMISSED without prejudice;
3. A certificate of appealability SHALL NOT issue; and
4. The Clerk SHALL CLOSE this case and SHALL PROVIDE a copy of this Order to Mr. Cox.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
United States District Judge